**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHUAI SU,<br><br>     Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>     Respondent. | No. 13-71990<br><br>Agency No. A200-996-440<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 20, 2016**
San Francisco, California

Before: GRABER and TALLMAN, Circuit Judges, and RAKOFF,*** Senior
  District Judge.

  Petitioner Shuai Su is a native and citizen of China. He entered the United

States on a student visa but failed to attend college as required by the terms of the

visa. Having been served with a Notice to Appear, Petitioner conceded

---

  * This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  ** The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

  *** The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

removability but sought asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Petitioner claimed that Chinese authorities detained and beat him because he objected to the compensation offered by the government when it evicted his family from their home. The immigration judge ("IJ") found that Petitioner was not credible and denied relief. The Board of Immigration Appeals ("BIA") affirmed. Reviewing for substantial evidence, Shrestha v. Holder, 590 F.3d 1034, 1039 (9th Cir. 2010), we deny the petition.

1. The REAL ID Act, 8 U.S.C. § 1158(b)(1)(B)(iii), applies to the IJ's credibility assessment, which the BIA upheld. Many of the inconsistencies identified by the IJ, and upheld by the BIA, are supported by substantial evidence.

(a) For example, Petitioner testified that the government notice provided that homeowners would be paid 800 RMB per square meter for their dwellings, but he then testified, to the contrary, that the notice explained that payments would be based on each home's purchase price and did not list a compensation amount.

(b) With respect to injuries allegedly sustained in the police beating, Petitioner testified to a wound over his left eye, but the medical record that he submitted identified his right eye as the one that was injured. And the IJ permissibly found that the medical record itself was problematic; Petitioner claimed to have been admitted to the hospital, while the record was for outpatient care.

2

The agency was not required to credit Petitioner's explanations for these (and other) inconsistencies.

2. Petitioner bears the burden of establishing eligibility for asylum. 8 C.F.R. § 208.13(a). Because the adverse credibility finding is supported by substantial evidence, the IJ and the BIA did not err in finding that Petitioner failed to show that he had suffered past persecution.

3. For the same reason, the agency permissibly ruled that Petitioner did not qualify for withholding of removal, because he failed to show that he more likely than not would be persecuted on a protected ground if returned to China. This standard is more stringent than the standard governing asylum. Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir. 2006).

4. Finally, the finding by the IJ, upheld by the BIA, that Petitioner would not likely face torture if returned to China, 8 C.F.R. § 208.16(c)(4), is supported by substantial evidence. As noted, Petitioner's testimony was permissibly found not credible. The remaining evidence, a country conditions report, does not compel a contrary conclusion. See Shrestha, 590 F.3d at 1049 (denying a CAT claim in similar circumstances).

**Petition DENIED.**